**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: The Judiciary Video | ) | |
| Teleconferencing for Criminal Proceedings | ) | |
| during the National Emergency caused by | ) | Misc. Action No. 20-1000-KD |
| the Coronavirus Disease (COVID-19). | ) | |

ORDER

     The Judicial Conference of the United States has found that emergency conditions due to the national emergency declared by the President, with respect to the Coronavirus Disease 2019 (COVID-19), will materially affect the functioning of the Federal courts. Accordingly, subject to paragraphs (3), (4) and (5) of § 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, 116th Cong. (2020) ("the CARES Act"), the Court hereby authorizes the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, during the covered emergency period[1] for the following:

    I. Hearings, arraignments, and other proceedings

  (A) Detention hearings under section 18 U. S. C. 3142;
  (B) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;
  (C) Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;
  (D) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;
  (E) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;
  (F) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

---

[1] The term "covered emergency period" means the period beginning on the date on which the President declared a national emergency, March 13, 2020, and ending on the date that is 30 days after the date on which the national emergency declaration terminates. However, **this order is effective for no more than 90 days, unless extended by further order of the court**.

(G) Pretrial release revocation proceedings under section 18 U.S.C. 3148;
(H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure;
(I) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and
(J) Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

II. <u>Felony pleas and sentencing</u>

The Court finds that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. Therefore, if the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

III. <u>Consent</u>

Pursuant to the CARES Act, video teleconferencing or telephone conferencing may only take place with the consent of the defendant or the juvenile, after consultation with counsel.

**DONE** and **ORDERED** this 30th day of March 2020.

<u>/s / **Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**